Steven M. Dailey (SBN 163857)
Jennifer L. Andrews (SBN 222807)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Authorized E-Service Address: irvineintake@KutakRock.com
Email: Steven.dailey@kutakrock.com

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and
NATIONAL DEFAULT SERVICING CORPORATION (erroneously sued as "NATIONAL DEFAULT SERVICING INC.")

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROVINSKI RENTER,

Plaintiff,

v.

SELECT PORTFOLIO, INC., California Corporation; WELLS FARGO BANK, a California Corporation; NATIONAL DEFAULT SERVICING INC., a Corporation; INTRO REAL ESTATE SERVICES and LUIS OLAZABAL, a individual; CH MARKET CENTER, INC., a California Corporation and VICTOR HUGO DEL CARPIO, an individual; CENTURY 21 ALLSTARS, INC., a California Corporation; CARLOS COBIAN, an individual and DAVID CASTRO an individual; RUGS LIMITED LLC, an Limited Liability Company; and SINGH GURMEET an individual also known as ROSHAN an individual; DARREL CHARABASZCZ an individual and DANIELLE CHARABASZCZ, DOES 1 through 10, inclusive.

Defendants.

Case No.: 5:25-cv-00756 MRA (SPx)

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN M. DAILEY; PROPOSED ORDER**

(Federal Rule of Civil Procedure 12(b)(1), 12(b)(6))

Filed and served concurrently with: (1) Motion to Strike, (2) Request for Judicial Notice

Date: March 24, 2026
Time: 10:00 a.m.
Courtroom: 9B

Complaint filed August 14, 2024
Case Removed: March 24, 2025
Trial date: None scheduled

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on March 24, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 9B of the above-entitled court located at 411 W. 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS") and NATIONAL DEFAULT SERVICING CORPORATION. ("NDSC"), (collectively "Loan Defendants"), will move this Court to dismiss Plaintiff's Second Amended Complaint.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) on the ground that this Court lacks subject matter jurisdiction, and Rule 12(b)(6) on the ground that the entire Second Amended Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against Loan Defendants. Specifically:

1. Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that this Court lacks subject matter jurisdiction.

2. Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted.

3. Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that the June 29, 2021 trustee's sale is conclusively presumed valid.

4. Loan Defendants move to dismiss Plaintiff's Second Amended Complaint, and each claim contained therein, on the basis that the claims attacking the foreclosure sale fail absent tender.

5. Loan Defendants move to dismiss the First Cause of Action of the Second Amended Complaint for "Wrongful Foreclosure (Damages Only)," on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff's wrongful foreclosure and statutory claims are time barred, B) Plaintiff fails

to allege tender, C) Plaintiff has not pleaded any illegality or irregularity with particularity, and D) Plaintiff has not alleged substantial prejudice or a material violation of the HBOR.

6. Loan Defendants move to dismiss the Second Cause of Action of the Second Amended Complaint for "Unlawful Foreclosure (Statutory Violations – Damages Only)," on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff's wrongful foreclosure and statutory claims are time barred, B) Plaintiff fails to allege tender, C) Plaintiff has not pleaded any illegality or irregularity with particularity, and D) Plaintiff has not alleged substantial prejudice or a material violation of the HBOR.

7. Loan Defendants move to dismiss the Third Cause of Action of the Second Amended Complaint for "Financial Abuse of Elder and Defendant Adult," on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege facts indicating that any real or personal property was taken, secreted, appropriated, obtained, or retained, by Loan Defendants, and B) Plaintiff fails to plead recklessness, oppression, fraud or malice by Loan Defendants.

8. Loan Defendants move to dismiss the Fourth Cause of Action of the Second Amended Complaint for "Violation of the Homeowners Bill of Rights (Cal. Civ. Code §§ 2923.5, 2923.7, 2924.11, 2924.17 and related provisions)," on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff's wrongful foreclosure and statutory claims are time barred, B) Plaintiff fails to allege tender, C) Plaintiff has not pleaded any illegality or irregularity with particularity, and D) Plaintiff has not alleged substantial prejudice or a material violation of the HBOR.

9. Loan Defendants move to dismiss the Fifth Cause of Action of the Second Amended Complaint for "Unfair Competition," on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege an unfair, unlawful, or fraudulent business practice by Loan Defendants, B)

Plaintiff fails to plead a valid underlying claim, and C) Plaintiff lacks standing to assert a section 17200 claim because she cannot allege lost money or property as a result of Loan Defendants.

10. Loan Defendants move to dismiss the Sixth Cause of Action of the Second Amended Complaint for "Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealing," on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff fails to allege a violated contractual provision, B) Plaintiff fails to allege any breach by Loan Defendants with certainty, C) Plaintiff cannot allege her own performance.

Pursuant to L.R. 7-3, please see Declaration of Steven M. Dailey filed concurrently herewith this motion.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: January 26, 2026 KUTAK ROCK LLP

By: /s/ *Steven M Dailey*
Steven M. Dailey, Esq.
Attorneys for Defendants
Select Portfolio Servicing, Inc. and
National Default Servicing Corporation

# TABLE OF CONTENTS


I. INTRODUCTION ..... 11

II. FACTUAL BACKGROUND ..... 12

III. PROCEDURAL BACKGROUND – THIS COURT GRANTED LOAN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FAC ..... 13

V. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..... 16

VI. THE TRUSTEE'S SALE IS CONCLUSIVELY PRESUMED VALID ..... 17

VII. PLAINTIFF'S CLAIMS ATTACKING FORECLOSURE MUST FAIL AS PLAINTIFF HAS NOT ALLEGED TENDER ..... 18

VIII. PLAINTIFF'S FIRST CAUSE OF ACTION FOR "WRONGFUL FORECLOSURE" SECOND CLAIM FOR "UNLAWFUL FORECLOSURE," AND FOURTH CLAIM FOR "VIOLATION OF CALIFORNIA HOMEOWNERS BILL OF RIGHTS" MUST FAIL ..... 20

- A. Plaintiff's Wrongful Foreclosure and Statutory Claims Are Time Barred ..... 20
- B. Plaintiff Fails to Allege Tender ..... 21
- C. Plaintiff Has Not Pleaded any Illegality or Irregularity with Particularity ..... 21
- D. Plaintiff Has Not Alleged Substantial Prejudice Due or a Material Violation. ..... 22

IX. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "FINANCIAL ABUSE OF ELDER AND DEFENDANT ADULT" MUST FAIL ..... 23

- A. Plaintiff Fails to Allege Facts Indicating that Any Real or Personal Property Was "Taken, Secreted, Appropriated, Obtained or Retained," by Loan Defendants ..... 23
- B. Plaintiff Fails to Plead Recklessness, Oppression, Fraud, or Malice ..... 24

X. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR "UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)" MUST FAIL ..... 24

- A. Plaintiff Fails to Allege an Unfair, Unlawful, or Fraudulent Business Practice by Loan Defendants ..... 24
- B. Plaintiff Fails to Plead a Valid Underlying Claim ..... 25
- C. Plaintiff Lacks Standing to Assert a Section 17200 Claim Because She Cannot Allege Lost "Money or Property" as a Result of Loan Defendants ..... 25

XI. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR "BREACH OF CONTRACT/BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING" MUST FAIL ..... 25

- A. Plaintiff Fails to Allege a Violated Contractual Provision ..... 26

B. Plaintiff Fails to Allege Any Breach by Loan Defendants with Certainty ........ 26
C. Plaintiff Cannot Allege Her Own Performance ........ 27
XII. CONCLUSION ........ 27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdallah v. United Sav. Bank*,
43 Cal.App.4th 1001 (1996) .......... 19

*Anderson v. Heart Federal Savings and Loan Assn.*,
208 Cal.App.3d 202 (1989) .......... 22

*Arnolds Management Corp v. Eischen*,
158 Cal. App. 3d 575 (1984) .......... 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 17

*Augustine v. United States*¸
704 F.2d 1074 (9th Cir. 1983) .......... 15

*Ballistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) .......... 17

*Beliveau v. Caras*,
873 F. Supp. 1393 (C.D. Cal. 1995) .......... 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 17, 21, 22

*Biancalana v. T.D. Service Co.*,
56 Cal.4th 807 (2013) .......... 22

*Billesbach v. Specialized Loan Servicing LLC*
(2021) 63 Cal.App.5th 830 .......... 23

*Careau & Co. v. Security Pac Bus. Credit*,
222 Cal.App.3d 1371 (1990) .......... 27

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal.4th 163 (1999) .......... 25

*Chavez v. Indymac Mortgage Services*,
219 Cal.App.4th 1052 (2013) .......... 21

*Consolidated World Investments, Inc., v. Lido Preferred Ltd.*,
9 Cal.App.4th 373 (1992) .......... 27

*Covenant Care, Inc. v. Sup. Ct.*,
32 Cal.4th 771 (2004) .......... 23

*Dang v. Residential Credit Sols., Inc.*,
2014 WL 5513753 (N.D. Cal. Oct. 31, 2014) .......... 21

*Diaz v. Nationstar Mortg. LLC*,
2023 WL 8896271 (C.D. Cal. Nov. 30, 2023) .......... 21

*Droeger v. Friedman, Sloan & Rossi*,
54 Cal.3d 26 (1991) .......... 18

*Durell v. Sharp Healthcare*,
183 Cal.App.4th 1350 (2010) .......... 24

*Engstrom v. Kallins*,
49 Cal.App.4th 773 (1996) .......... 20

*Fisher v. San Pedro Peninsula Hospital*,
214 Cal.App.3d 590 (1989) .......... 17, 22

*FPCI RE-HAB 01 v. E & G Investments, Ltd.*,
207 Cal. App. 3d 108 (1989) .......... 19, 20

*Hatch v. Collins*,
225 Cal.App.3d 1104 (1990) .......... 20

*Jacobik v. Wells Fargo Bank, N.A.*,
2018 WL 1184812 (N.D. Cal. Mar. 7, 2018) .......... 22

*Jenkins v. JPMorgan Chase Bank, N.A.*,
216 Cal.App.4th 497 (2013) .......... 25

*Karlsen v. Gibralter Sav. & Loan Assn.*,
15 Cal.App.3d 112 (1974) .......... 18

*Khoury v. Maly's of California*,
14 Cal.App.4th 612 (2013) .......... 24

*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994) .......... 16

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011) .......... 25

*Lakin v. JPMorgan Chase Bank NA*,
2015 WL 12662326 (C.D. Cal. Nov. 18, 2015) .......... 19, 20

*Levy v. State Farm Mutual Auto. Ins.*,
150 Cal.App.4th 1 (2007) .......... 26

*Melican v. Regents of Univ. of Calif.*,
150 Cal.App.4th 168 (2007) .......... 26

*Moeller v. Lien*,
25 Cal.App.4th 822 (1994) .......... 18

*Moya v. CitiMortgage, Inc.*,
2014 WL 1344677 (S.D. Cal. Mar. 28, 2014) .......... 19

*Nguyen v. Calhoun*,
105 Cal.App.4th 428 (2003) .......... 18

*Nool v. Homeq Servicing*,
2009 WL 2905745 (E.D. Cal. 2009) .......... 25

*People v. Central Pac. R. Co.*,
76 Cal. 29 (1888) .......... 26

*Sierra-Bay Fed. Land Bank Assn. v. Superior Ct.*,
227 Cal. App. 3d 318 (1991) .......... 23

*Smith v. State Farm Mut. Auto. Ins. Co.*,
93 Cal.App.4th 700 (2001) .......... 25

*Staples v. Arthur Murray*,
253 Cal.App.2d 507 (1967) .......... 26

*Stebley v. Litton Loan Servicing, LLP*,
202 Cal. App. 4th 522 (2011) .......... 23

*Susilo v. Wells Fargo Bank, N.A.*,
796 F.Supp.2d 1177 (C.D. Cal. 2011) .......... 20

*Taliferro v. Crola*,
152 Cal. App.2d 448 (1957) .......... 17

*Winterbower v. Wells Fargo Bank, N.A.*,
2013 WL 1232997 (C.D. Cal. Mar. 27, 2013) .......... 21

**Statutes**

28 U.S.C.
§ 1331 .......... 15
§ 1332 .......... 15

Bus. & Prof. Code
§ 17200, et seq. .......... 24, 25
§ 17204 .......... 25

Civ. Code
§ 2923.5 .......... 13, 20, 21, 22
§ 2923.7 .......... 13, 14, 20, 22
§ 2924 .......... 20
§ 2924(c) .......... 17
§ 2924(c) .......... 18
§ 2924.11 .......... 13, 20, 22
§ 2924.12 .......... 22, 23
§ 2924.17 .......... 13, 20, 22

Code Civ. Proc.
§ 338(d) .......... 14, 20
§ 338l .......... 20

Welf. & Inst. Code
§ 15610.30 .......... 23
§ 15610.30(a) .......... 23
§ 15657 .......... 24

**Other Authorities**

Federal Rules of Civil Procedure
rule 12(b) .......... 16
rule 12(b)(1) .......... 11, 15
rule 12(b)(6) .......... 11, 16, 17
rule 12(h)(3) .......... 15

4 Witkin, Cal Procedure, Pleading § 479 .......... 26

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants SELECT PORTFOLIO SERVICING, INC.'s ("SPS") and NATIONAL DEFAULT SERVICING CORPORATION ("NDSC"), (collectively "Loan Defendants"), hereby submit this Memorandum of Points and authorities in support of their Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## I. <u>INTRODUCTION.</u>

Despite being given leave to amend, Plaintiff ROVINSKI RENTER ("Plaintiff") still fails to state any claim upon which could be granted in her Second Amended Complaint ("SAC") attacking a June 29, 2021 foreclosure sale that took place due to her default on her mortgage loan. With her amendment, Plaintiff now only pleads causes of action under state law. Federal question jurisdiction is lacking. The SAC contains an allegation that there is diversity amongst her and Loan Defendants; however, there are still other parties to this case whose citizenship the SAC does not address. This Court lacks a basis for jurisdiction, and the SAC should be dismissed under Rule 12(b)(1). The SAC also fails under Rule 12(b)(6). The state court and this Court have both found Plaintiff's causes of action were not cognizable as against Loan Defendants. She has not resolved the defects identified by this Court in its lengthy prior ruling. Glaringly, Plaintiff's statutory claims relating to the June 29, 2021 trustee's sale, or conduct before that time, are time barred as she did not file this case until August 14, 2024. Furthermore, she does not plead any statutory violation or fraudulent conduct by Loan Defendants with particular facts. The wrongful foreclosure claim fails absent any illegality in the sale. Plaintiff again has not implicated any contractual provision breached by Loan Defendants. For these, and the other reasons stated herein, Loan Defendants respectfully request that the Court grant this Motion to Dismiss, without leave to amend.

///

///

## II. FACTUAL BACKGROUND.

Plaintiff formerly owned the real property located at 496 W. 25th St., San Bernardino, CA 92504-3728 ("Property"). (SAC, par. 5.) On May 9, 2007, a Deed of Trust was recorded reflecting Plaintiff obtained a $282,000.00 loan from World Savings Bank, FSB, which was secured by Property. (RJN, Ex. "1"; SAC, par. 25.) The lender was the original beneficiary of the Deed of Trust. (RJN, Ex. "1".) The original trustee of the Deed of Trust was Golden West Savings Association Service Co. (RJN, Ex. "1".)

Plaintiff alleges she was approved for loss mitigation options in 2015-2016 including a modification through the federal Home Affordable Modification Program and for California's Keep Your Home California ("KYHC") program. (SAC, par. 27.) Plaintiff claims that former beneficiary of her Deed of Trust, Wells Fargo, purportedly "advised her that it would proceed only with its own HAMP-based modification program…leading Plaintiff not to execute the KYHC documents." (SAC, par. 27.) On February 26, 2019, an Assignment of Deed of Trust was recorded reflecting the Deed of Trust was assigned by Wells Fargo Bank N.A., S/B/M to Wells Fargo Bank Southwest, N.A., F/K/A Wachovia Mortgage, FSB, F/K/A World Savings Bank, FSB to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, as Owner Trustee on Behalf of CSMC 2018-RPL11 Trust. (RJN, Ex. "2"; SAC, par. 26.) On December 2, 2019, a Corporate Assignment of Deed of Trust was recorded reflecting Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, as Owner Trustee on Behalf of CSMC 2018-RPL11 Trust assigned the Deed of Trust to CSMC 2018-RPL11 Trust. (RJN, Ex. "3"; SAC, par. 26.) On February 26, 2020, NDSC was named successor trustee of the Deed of Trust. (RJN, Ex. "4"; SAC, par. 79.)

On March 4, 2020, a Notice of Default was recorded due to Plaintiff's default on the loan. (RJN, Ex. "5"; SAC, par. 26.) The Notice of Default reflects as of March 3, 2020, Plaintiff was in default in the amount of $19,789.26. (RJN, Ex. "5".)

Plaintiff alleges that the COVID-19 Pandemic commenced, and she "fell behind on mortgage payments." (SAC, par. 28.) Plaintiff states there was a foreclosure moratorium for a period of time. (SAC, pars. 27-28.) She alleges SPS sent an "inspector" to the Property to appraise it, but the person was purportedly unprofessional and admitted to having COVID symptoms. (SAC, par. 29.) She alleges in 2019-2020 she attempted to sell the Property and complains of issues with the listing process against other Defendants. (SAC, pars. 30-36.) On September 2, 2020, a Corporate Assignment of Deed of Trust was recorded reflecting assignment of the Deed of Trust to Wilmington Savings Fund Society, FSB, not in its Individual Capacity but Solely as Owner Trustee of CSMC 2018-RPL11 Trust. (RJN, Ex. "6"; SAC, par. 26.) Plaintiff claims she was "without clear notice of who claimed authority to enforce the loan." (SAC, par. 26.) A Notice of Trustee's Sale was recorded January 26, 2021. (RJN, Ex. "7".)

On June 29, 2021, a trustee's sale took place at which the Property sold to third party Rugs Limited LLC. (SAC, par. 13; RJN, Ex. "8".) The Trustee's Deed Upon Sale was recorded on August 19, 2021. (RJN, Ex. "8".) Plaintiff claims SPS did not postpone the sale to allow her to complete a private financing arrangement that would have allowed her to keep the Property. (SAC, pars. 41-42.) Plaintiff claims the foreclosure sale was unlawful and that SPS violated Civil Code sections 2923.5, 2923.7, 2924.11, and 2924.17. (SAC, pars. 106, 108, 113-117.) She claims the Property sold for less than offers she had prior to the sale. (SAC, pars. 44, 102.) She claims SPS "misapplied or failed to properly credit wildfire-related insurance proceeds." (SAC, par. 84.) She also claims SPS sent her July and August mortgage statements suggesting that she still had a right to reinstate. (SAC, par. 92.)

## III. <u>PROCEDURAL BACKGROUND – THIS COURT GRANTED LOAN DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FAC.</u>

More than three years after the Property sold at the June 29, 2021 trustee's sale, Plaintiff filed this case on August 19, 2024 in the San Bernardino County,

Superior Court, attacking that sale. On January 9, 2025, the state court sustained SPS's Demurrer to Plaintiff's Complaint, with leave to amend. (Notice of Ruling, RJN, Ex. "9"). The court also granted SPS's Motion to Strike certain portions of her Complaint, with leave to amend. (RJN, Ex. "9".) Plaintiff filed her First Amended Complaint on February 7, 2025, and WELLS FARGO subsequently removed the case. SPS and NDSC filed a Motion to Dismiss the FAC.

On November 21, 2025, this Court granted SPS and NDSC's Motion to Dismiss the FAC (Dkt 76). The Court recognized that the June 29, 2021 trustee's sale is conclusively presumed valid and claims attacking the foreclosure sale failed absent tender. The Court found Plaintiff "no longer had a right to reinstate the loan under § 2924c(e) on June 28, 2021." The intentional tort, false promise and fraudulent business practice claims failed as they are barred by the three-year limitations period in Cal. Civ. Proc. Code § 338(d). Plaintiff also did not plead any facts as to what information Loan Defendants purportedly withheld or concealed, and the elements of fraud or negligent misrepresentation were lacking. Plaintiff's allegation that she relied on SPS's "promise" that she had until August 16, 2021 to reinstate failed as she did not allege that she was told she could reinstate, and reliance was not reasonable.

Plaintiff's wrongful foreclosure and HBOR claims also failed. Plaintiff listed several statutory sections, but did not allege facts demonstrating a violation. Plaintiff claimed she was not assigned a single point of contact violating section 2923.7. However, she did not allege any facts that allegedly not being able to speak with the same single point of contact affected her ability to submit a completed loan modification. Plaintiff's claim for financial elder abuse failed as Plaintiff did "not plausibly allege that Loan Defendants took, secreted, appropriated, or retained real property for a wrongful use, or assisted in such acts." Plaintiff also failed to pled recklessness, oppression, fraud, or malice, which is required to obtain remedies for elder abuse.

Plaintiffs Unfair Competition Law claimed as it was unclear "what practices form the gravamen of Plaintiff's UCL claim." The Court noted that Plaintiff's statutory violations were not pleaded with specificity, and the unlawful prong was not viable as alleged. The Court also found that Plaintiff did not implicate the unfairness prong because she did "not plausibly allege that Loan Defendants' conduct violated any established public policy." The Court also found Plaintiff lacked standing to bring a UCL claim because she could not allege lost money or property caused by Defendants.

Plaintiff's breach of contract claim also failed. Plaintiff had alleged the "mortgage agreement" was breached by not providing her notification of change in the noteholder. Plaintiff did not identify any relevant contractual provision that was purportedly breached, but instead cited to statutes which are impertinent to the contract claim.

The Court further found Plaintiff's claims for violation of CFPB regulations, defamation, violation of statutory notice requirements, violation of TILA, and other various claims, failed. The Court further indicated it "has serious doubts about the viability of Plaintiff's claims against Loan Defendants." However, it provided leave to amend in light of the liberal pleading standard under Rule 15.

Plaintiff field her SAC on January 12, 2026. While she has pared down the pleading to six causes of action, she has not cured the deficiencies as previously identified by this Court.

## IV. <u>SUBJECT MATTER JURISDICTION IS LACKING AND THE SAC SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).</u>

Federal courts are courts of limited jurisdiction, and in general, federal courts have jurisdiction only over cases in which there is diversity of citizenship under 28 U.S.C. § 1332 or in which a claim arises under federal law as provided in 28 U.S.C. § 1331. (*See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Augustine v.*

*United States*¸ 704 F.2d 1074, 1077 (9th Cir. 1983) (stating "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.")) It is presumed that federal courts do not have jurisdiction and the burden of establishing jurisdiction is on the party asserting jurisdiction. (*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).)

In this case, Plaintiff generally claims there is both diversity and federal question jurisdiction. (Complaint, pars. 1, 2.) She alleges there the claims arise under federal law including RESPA. (Complaint, par. 1.) However, since her amendment, she no longer pleads a violation of RESPA or TILA. The six causes of action in the SAC (wrongful foreclosure, breach of contract, and statutory), arise under state law. Federal question jurisdiction is entirely lacking as to the SAC. In paragraph 2, Plaintiff alleges that there is diversity as between her and Defendants SPS and NDSC. However, there are still other parties to this case whose citizenship the SAC does not address. Loan Defendants submit that dismissal pursuant to 12(b)(1) is appropriate.

## V. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .
>
> (6) failure to state a claim upon which relief can be granted,. . .
>
> A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint. The court must

decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. (*Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).) Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. (*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).) A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) A party pleading a statutory cause of action must "specifically" plead the "facts in supporting the elements of the violation." (*Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 604 (1989) (applying "the general rule that facts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled").) The SAC is subject to dismissal for failure to state a claim under Rule 12(b)(6)

## VI. THE TRUSTEE'S SALE IS CONCLUSIVELY PRESUMED VALID.

Under Civil Code section 2924(c),

> A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the personally delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute . . . conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

Where the above-mentioned recitals are contained in the Trustee's Deed Upon Sale, a conclusive presumption exists that the trustee's sale is valid. (*Taliferro v. Crola,* 152 Cal. App.2d 448, 449 (1957).) This presumption is conclusive in order to protect the sanctity of titles to real property and, therefore, the trustor cannot have

the sale set aside based on irregularities in the foreclosure sale process. (*Droeger v. Friedman, Sloan & Rossi*, 54 Cal.3d 26 (1991).)

> As to a bona fide purchaser, however, the presumption is conclusive. Thus, as a general rule, a trustor has no right to set aside a trustee's deed as against a bona fide purchaser for value by attacking the validity of the sale. The conclusive presumption precludes an attack by the trustor on a trustee's sale to a bona fide purchaser even though there may have been a failure to comply with some required procedure which deprived the trustor of his right of reinstatement or redemption. The conclusive presumption precludes an attack by the trustor on the trustee's sale to a bona fide purchaser even where the trustee wrongfully rejected a proper tender of reinstatement or redemption even where the trustee wrongfully rejected a proper tender of reinstatement by the trustor.

(*Moeller v. Lien*, 25 Cal.App.4th 822, 831-832 (1994).)

In this case, a Trustee's Deed Upon Sale was recorded on August 19, 2021 reflecting the Property sold to Rugs Limited LLC, at a foreclosure sale on June 29, 2021. (RJN, Ex. "8".) Plaintiff does not allege facts that would rebut the presumption pursuant to Civil Code 2924(c). As this Court previously found, the trustee's sale is conclusively presumed valid.

## VII. PLAINTIFF'S CLAIMS ATTACKING FORECLOSURE MUST FAIL AS PLAINTIFF HAS NOT ALLEGED TENDER.

Without an allegation of tender, a complaint challenging a foreclosure does not state a cause of action. (*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).) "The rules which govern tenders are strict and are strictly applied, and where the rules are prescribed by statute or rules of court, the tender must be in such a form as to comply therewith. . . it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." (*Nguyen v. Calhoun*, 105 Cal.App.4th 428, 438-440 (2003).) The tender

requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit. (*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996).)

Plaintiff claims wrongful foreclosure and alleges that she only seeks damages and not rescission. Loan Defendants recognize that there is a split of authority as to whether the tender requirement applies to cases where a plaintiff seeks damages (rather than setting aside a foreclosure sale). (*See Moya v. CitiMortgage, Inc.*, 2014 WL 1344677, at *4 (S.D. Cal. Mar. 28, 2014) ("Plaintiff argues she is not required to tender because she seeks only damages not recession. However, she cites no authority in support of her argument[.]").) Loan Defendants submit that the tender requirement should be applied, as has been held by the Central District: "Based on a review of the underlying California state court decisions, and given the circumstances of the present case, the Court finds the line of cases holding the tender requirement applies to suits seeking damages to be more persuasive." (*Lakin v. JPMorgan Chase Bank NA*, 2015 WL 12662326, at *4 (C.D. Cal. Nov. 18, 2015).)

In *Lakin*, the Central District of California cited to *Arnolds Management Corp v. Eischen*, 158 Cal. App. 3d 575, 579 (1984), where the plaintiff sought both damages and set aside the allegedly wrongful foreclosure. The Court recognized that the *Arnolds* court did not make any distinction between the claim to set aside the foreclosure and the claim for damages with respect to the need to allege tender. (*Lakin*, 2015 WL 12662326, at *4.) Instead, the state court held that a "cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." (*Id.* (citing *Arnolds*, 158 Cal. App. at 579.) Further, the Court cited the "rationale" behind the rule, is "that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." (*FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 108, 1022 (1989).) The Court in *Lakin* found the rationale applied in its case, as plaintiffs alleged damages for the loss of equity in

their home and moving expenses: "But if Plaintiffs could not have redeemed the property in any event, it is unclear why they should be entitled to seek these damages. Accordingly, the Court finds the tender requirement applies in the present case." (*Lakin*, 2015 WL 12662326, at *4.) This is also the case here, and tender should be required.

## VIII. PLAINTIFF'S FIRST CAUSE OF ACTION FOR "WRONGFUL FORECLOSURE" SECOND CLAIM FOR "UNLAWFUL FORECLOSURE," AND FOURTH CLAIM FOR "VIOLATION OF CALIFORNIA HOMEOWNERS BILL OF RIGHTS" MUST FAIL.

Plaintiff alleges the June 29, 2021 sale was wrongful because she was not "provide[d] a consistent single point of contact," she was not provided "timely and accurate reinstatement and payoff figures," insurance proceeds were purportedly "misapplied" and Defendants purportedly refused to postpone the sale despite Plaintiff's private funded refinance option. (SAC, par. 100.) She also claims the sale was conducted "at a prices that [was] not fair or commercially reasonable". (SAC, par. 101.) Plaintiff also claims Loan Defendants violated Civil Code Sections 2923.5, 2923.7, 2924, 2924.11, 2924.17. (SAC, pars. 106, 113-118, 135-137.)

### A. Plaintiff's Wrongful Foreclosure and Statutory Claims Are Time Barred.

Plaintiff's claims attacking the June 29, 2021 trustee's sale are time barred, as the allegations supporting the cause of action implicate the three year limitations period of Code of Civil Procedure Section 338l. (*See, e.g., Engstrom v. Kallins*, 49 Cal.App.4th 773, 781–83 (1996) (wrongful foreclosure claim based upon failure to comply with statutory requirements regarding notice covered by section 338(a)); *Hatch v. Collins*, 225 Cal.App.3d 1104, 1110 (1990) (wrongful foreclosure claim based upon alleged fraudulent conspiracy between trustee and beneficiaries covered by section 338(d)); *Susilo v. Wells Fargo Bank, N.A.*, 796 F.Supp.2d 1177, 1195 (C.D. Cal. 2011) (action to set aside wrongful foreclosure covered by section 338(d)

whether based on fraud, fraudulent conspiracy, or breach of statutory duty); *Diaz v. Nationstar Mortg. LLC*, 2023 WL 8896271, at *5 (C.D. Cal. Nov. 30, 2023) (claims for violations of the Homeowners Bill of Rights are subject to the three-year limitations period of § 338(a)).; *Dang v. Residential Credit Sols., Inc*., 2014 WL 5513753, at *6 (N.D. Cal. Oct. 31, 2014) (finding § 2923.5 claim barred by § 338(a)'s three-year statute of limitations).) Plaintiff's statutory claims, and wrongful foreclosure claims, are time barred.

**B. Plaintiff Fails to Allege Tender.**

To sufficiently allege a wrongful foreclosure claim, Plaintiff must allege that she "tendered the amount of the secured indebtedness or was excused from tendering." (*Chavez v. Indymac Mortgage Services*, 219 Cal.App.4th 1052, 1062 (2013).) Plaintiff fails to allege tender (*see infra*), or facts of any applicable exception.

**C. Plaintiff Has Not Pleaded any Illegality or Irregularity with Particularity.**

To "maintain a wrongful foreclosure claim, a plaintiff must allege…the defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust." (*Chavez, supra* 219 Cal.App.4th at 1062.) A party must plead "enough facts to state a claim for relief that is plausible on its face." (*Twombly*, 550 U.S. at 570; *see also Winterbower v. Wells Fargo Bank, N.A.*, 2013 WL 1232997 at *3 (C.D. Cal. Mar. 27, 2013) (requiring allegations of particular documentation in support of an HBOR claim, and conclusory language was not sufficient).)

Plaintiff fails to allege facts as to any purported "illegal, fraudulent, or willfully oppressive" conduct to support a claim for a wrongful foreclosure. Foreclosure was expressly permitted upon her default, and there was no obligation that the lender postpone the sale. Plaintiff fails to plead any facts of any entitlement to a postponement. Plaintiff's claim as to the sale price also fails, as Plaintiff does

not allege any facts of irregularity in the sale process, such as an improper opening bid. (*Biancalana v. T.D. Service Co.*, 56 Cal.4th 807, 810-811, 820 (2013).) Plaintiff's claim about insurance proceeds is only pleaded with conclusory language. There are no facts alleged about any particular insurance proceeds, let alone how they were purportedly misapplied.

Plaintiff lists several statutes that she claims were violated, but she only alleges sweeping conclusory statements. (*See* SAC, pars. 106, 113-118, 135-137.) She does not allege specific facts of a violation of any particular section. (*Fisher*, 214 Cal.App.3d at 604; *Twombly*, 550 U.S. at 570.) The section 2923.5 claim fails in light of the Declaration attached to the Notice of Default. (*See* RJN, Ex. "5".) The section 2923.7 claim fails as this Court previously found. Plaintiff also alleges she had contacts with SPS, and does not allege any violation with any specificity. Allegations a point of contact was not "adequate" or "not aware of the current status of their loan-modification application," are "conclusion[s] that do[] not state a plausible claim." (*Jacobik v. Wells Fargo Bank, N.A.*, 2018 WL 1184812, *7 (N.D. Cal. Mar. 7, 2018).) A section 2924.11 claim fails as she does not allege any portion of that section which was purportedly violated. A section 2924.17 claim fails as she does not allege any inaccuracy in any document. In addition to being time barred, and lacking in sufficient facts, the statutory claims fail to support a claim overturning the sale as the only relief under the HBOR sections would be damages. (*See* Civ. Code § 2924.12.) Overall, Plaintiff fails to allege specific facts of an illegal or oppressive sale.

**D. Plaintiff Has Not Alleged Substantial Prejudice Due or a Material Violation.**

"The party seeking to set aside the sale has the burden of pleading and proof at trial of improper procedure and consequent prejudice." (*Anderson v. Heart Federal Savings and Loan Assn.*, 208 Cal.App.3d 202, 209 (1989).) Furthermore, a party alleging a violation of the Homeowners Bill of Rights must allege a "material"

violation. (Civ. Code § 2924.12; *Billesbach v. Specialized Loan Servicing LLC* (2021) 63 Cal.App.5th 830, 845.) Plaintiff received the loan proceeds, defaulted, and foreclosure was permitted pursuant to the Deed of Trust.

## IX. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "FINANCIAL ABUSE OF ELDER AND DEFENDANT ADULT" MUST FAIL.

Plaintiff alleges Defendants committed elder abuse by foreclosing purportedly depriving her of the opportunity to reinstate or sell the Property. (SAC, pars. 120-125.)

### A. Plaintiff Fails to Allege Facts Indicating that Any Real or Personal Property Was "Taken, Secreted, Appropriated, Obtained or Retained," by Loan Defendants.

Financial abuse is defined in Welfare & Institutions Code § 15610.30, as when an entity "takes, secretes, appropriates or retains real or personal property of an elder or dependent adult to the wrongful use or with intent to defraud, or both" or when a party "assists" in any of those activities. (Welf. & Inst. Code § 15610.30(a).) In *Covenant Care, Inc. v. Sup. Ct.*, 32 Cal.4th 771, 790 (2004) the Court stressed that because elder and dependent abuse/neglect claims are statutory, such claims must be pleaded with particularity, *i.e.*, detailed and specific facts. Absent an allegation of intent to defraud or undue influence, a plaintiff must allege "at least a 'wrongful use' of property." (*Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 528 (2011).) As this Court previously recognized, the general rule is that "[i]t is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid." (*Sierra-Bay Fed. Land Bank Assn. v. Superior Ct.*, 227 Cal. App. 3d 318, 334 (1991).) "Foreclosing on a home is not actionable merely because it requires the former owner to move out." (*__Stebley__*, 202 Cal. App. 4th at 527.) Plaintiff bases this claim on the allegations of a wrongful foreclosure. Those fail to support a cause of action, as addressed herein. Plaintiff admitted her default, and the Deed of Trust permitted foreclosure upon default. Plaintiff fails to

allege sufficient facts indicating SPS "took, secreted, appropriated or retained" any particular money or real property, as this Court previously found.

**B. Plaintiff Fails to Plead Recklessness, Oppression, Fraud, or Malice.**

To obtain remedies for elder abuse, a plaintiff must plead facts showing (1) the defendant has subjected a dependent adult to statutorily-defined physical abuse, neglect or financial abuse, and (2) that the defendant acted with "recklessness, oppression, fraud or malice. (Welf & Inst. Code § 15657.) Plaintiff has not alleged specific facts of intent, malice, or oppressive conduct, as this Court previously found.

## X. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR "UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)" MUST FAIL.

Plaintiff alleges Defendants engaged in unlawful, unfair, or fraudulent business practices purportedly in violation of Business and Professions Code section 17200, et seq. (SAC, pars. 141-146.) This Court previously found that Plaintiff failed to implicate a violation under the unfair or unlawful prongs of the statute, and she lacked standing. This is still the case in the SAC.

**A. Plaintiff Fails to Allege an Unfair, Unlawful, or Fraudulent Business Practice by Loan Defendants**

The court in *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (2013) held a "reasonable particularity" pleading standard applies to a section 17200 claim. Plaintiff fails to sufficiently allege unfair, deceptive, or unlawful practice with the requisite particularity. This claim fails under the "unlawful" prong, as the statutory claims fail. Plaintiff's allegations do not reflect any obligation to postpone the sale. The SAC also fails under the unfairness prong, as Plaintiff cannot allege that seeking a modification of her own contractual obligation offends a public policy tethered to any underlying constitutional, statutory or regulatory provision. (*See Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1366 (2010).)

### B. Plaintiff Fails to Plead a Valid Underlying Claim.

"The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct." (*Nool v. Homeq Servicing*, 2009 WL 2905745, *7 (E.D. Cal. 2009).) Under Section 17200, *et seq*., a claim may be based on "borrowed" violations of other law. (*Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.App.4th 700, 718 (2001).) However, where the "borrowed" violation is not itself a viable claim, a UCL claim is not sustainable as a matter of law. (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999).) Plaintiff's unfair business practices claim must fail with the other claims upon which it is based.

### C. Plaintiff Lacks Standing to Assert a Section 17200 Claim Because She Cannot Allege Lost "Money or Property" as a Result of Loan Defendants.

A private person has standing to assert a section 17200 claim only if he or she has (1) "suffered injury in fact," and (2) "lost money or property ***as a result of*** such unfair competition." (Bus. & Prof. Code § 17204 (emphasis added).) In *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320–21 (2011), the court stated "standing [under 17200] is limited to any 'person who has suffered injury in fact and has lost money or property' as a result of unfair competition." As in *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013), Plaintiff's injury was due to her own default, and she fails to plead any alleged violations had a causal link to any economic injuries. Plaintiff thus lacks standing to plead a violation of Business and Professions Code sections 17200, et seq.

## XI. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR "BREACH OF CONTRACT/BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING" MUST FAIL.

Plaintiff alleges Loan Defendants breached the Deed of Trust by purportedly "mishandling and misapplying payments and insurance proceeds," "failing to

provide accurate and timely reinstatement and payoff figures," "Refusing to postpone the foreclosure sale," and "continuing to send mortgage statements and reinstatements quotes after the asserted foreclosure sale." (SAC, par. 149.) This Court previously found Plaintiff did not identify any relevant contractual provision that was purportedly breached and only alleged general breaching conduct without actual facts. This cause of action again fails for these reasons.

**A. Plaintiff Fails to Allege a Violated Contractual Provision.**

"A written contract is usually pleaded by alleging its making and then setting out verbatim ('in haec verba') in the body of the complaint or as a copy attached and incorporated by reference." (4 Witkin, Cal Procedure, Pleading § 479 at p. 572.) To plead a cause of action for breach of a written contract, a party must either attach it or allege the substance of ***all of*** its relevant terms. (*Staples v. Arthur Murray*, 253 Cal.App.2d 507, 513 (1967).) In a complaint, any breach "should be assigned in the words of the contract, or in words coexistent with the sense and effect of it." (*People v. Central Pac. R. Co.*, 76 Cal. 29, 38 (1888).) To plead a cause of action for breach of a contract, a party must either attach it or allege the substance of all of its relevant terms. (*Staples v. Arthur Murray*, 253 Cal.App.2d 507, 513 (1967).) Plaintiff mentions the "Deed of Trust" but she does not point to any purportedly breached provision of the Note or Deed of Trust. (SAC, par. 149.) This is entirely insufficient and lacking on the face of the pleading.

**B. Plaintiff Fails to Allege Any Breach by Loan Defendants with Certainty.**

"Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." (*Levy v. State Farm Mutual Auto. Ins.*, 150 Cal.App.4th 1, 5 (2007).) The particular acts or omissions allegedly breaching the contract must be pleaded with certainty. (*Melican v. Regents of Univ. of Calif.*, 150 Cal.App.4th 168, 174 (2007).) Plaintiff does not allege specific facts to suggest SPS breached any contractual provision. She continues to rely on sweeping

general claims that she was entitled to a postponement, that there was some "misapplication" of payments or insurance proceeds, or that there was an incorrect reinstatement information. This is entirely lacking and the contract claim is again insufficiently pleaded.

**C. Plaintiff Cannot Allege Her Own Performance.**

To allege a breach of contract cause of action, a plaintiff must allege facts he performed all conditions under the contract. (*Careau & Co. v. Security Pac Bus. Credit*, 222 Cal.App.3d 1371 (1990).) "It is elementary a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was excused from performance." (*Consolidated World Investments, Inc., v. Lido Preferred Ltd.*, 9 Cal.App.4th 373, 380 (1992).) Plaintiff does not allege making all payments required under the loan which is fatal to her breach of contract cause of action.

## XII. CONCLUSION

For the foregoing reasons, Loan Defendants respectfully request the Court dismiss the Second Amended Complaint, without leave to amend.

Dated: January 26, 2026 KUTAK ROCK LLP

By: /s/ *Steven M Dailey*
Steven M. Dailey, Esq.
Attorneys for Defendants
Select Portfolio Servicing, Inc. and
National Default Servicing Corporation

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Select Portfolio Servicing, Inc. and National Default Servicing Corporation certifies that this brief contains 5,428 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 26, 2026

KUTAK ROCK LLP

By: /s/ *Steven M Dailey*
Steven M. Dailey, Esq.
Attorneys for Defendant
Select Portfolio Servicing, Inc. and
National Default Servicing Corporation