Steven M. Dailey (SBN 163857)
Jennifer L. Andrews (SBN 222807)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Authorized E-Service Address: irvineintake@KutakRock.com
Email: Steven.dailey@kutakrock.com

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and
NATIONAL DEFAULT SERVICING CORPORATION (erroneously sued as "NATIONAL DEFAULT SERVICING INC.")

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROVINSKI RENTER,

Plaintiff,

v.

SELECT PORTFOLIO, INC., California Corporation; WELLS FARGO BANK, a California Corporation; NATIONAL DEFAULT SERVICING INC., a Corporation; INTRO REAL ESTATE SERVICES and LUIS OLAZABAL, a individual; CH MARKET CENTER, INC., a California Corporation and VICTOR HUGO DEL CARPIO, an individual; CENTURY 21 ALLSTARS, INC., a California Corporation; CARLOS COBIAN, an individual and DAVID CASTRO an individual; RUGS LIMITED LLC, an Limited Liability Company; and SINGH GURMEET an individual also known as ROSHAN an individual; DARREL CHARABASZCZ an individual and DANIELLE CHARABASZCZ, DOES 1 through 10, inclusive.

Defendants.

Case No.: 5:25-cv-00756 MRA (SPx)

**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN M. DAILEY; PROPOSED ORDER**

(Federal Rule of Civil Procedure 12(f))

Filed and served concurrently with:
(1) Motion to Dismiss Plaintiff's Second Amended Complaint
(2) Request for Judicial Notice

Date: March 24, 2026
Time: 10:00 a.m.
Courtroom: 9B

Complaint filed August 14, 2024
Case Removed: March 24, 2025
Trial date: None scheduled

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on March 24, 2026, at 10:00 a.m. or as soon thereafter as counsel may be heard in Department 9B of the above-entitled court located at 411 W. 4th Street, Santa Ana, California, Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS") and NATIONAL DEFAULT SERVICING CORPORATION. ("NDSC"), (collectively "Loan Defendants"), will move to strike portions of Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure, Rule 12(f).

Loan Defendants will move this Court for an order striking the following language from the Second Amended Complaint:

**ALLEGATIONS REGARDING PUNITIVE DAMAGES**

This request is based on Plaintiff's failure to allege specific facts indicating "fraud, malice or oppression" and Plaintiff's failure to allege specific facts indicating that Loan Defendants authorized or ratified any acts indicating "fraud, malice or oppression."

1. The words "and punitive," appearing at page 7, paragraph 19.

2. The words "and punitive," appearing at page 44, paragraph 125.

**ALLEGATIONS REGARDING EMOTIONAL DISTRESS**

This request is based on Plaintiff's failure to identify any physical impact or physical injury in the Second Amended Complaint.

3. The words "and emotional hardship," appearing at page 30, paragraph 81.

4. The words "severe emotional distress," appearing at page 38, paragraph 104.

5. The words "and severe emotional distress," appearing at page 40, paragraph 110.

6. The words "emotional distress," appearing at page 42, paragraph 118.

7. The words "emotional distress," appearing at page 44, paragraph 125.

8. The words "emotional distress," appearing at page 48, paragraph 137.

9. The words "and associated emotional distress," appearing at page 52, paragraph 152.

10. The words "emotional distress," appearing at page 52, paragraph 1 of the Prayer.

**ALLEGATIONS REGARDING ATTORNEYS' FEES**

This request is based on the fact that Debtor is *in pro per* and she fails to plead a statutory or contractual basis for an award of fees.

11. The words "attorneys' fees," appearing at page 44, paragraph 125.

12. The words "and fees," appearing at page 48, paragraph 137.

13. The words "reasonable attorneys' fees and," appearing at page 48, paragraph 138.

14. The words "reasonable attorneys' fees and," appearing at page 54, paragraph 5 of the Prayer.

Pursuant to L.R. 7-3, please see Declaration of Steven M. Dailey filed concurrently herewith.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: January 26, 2026 KUTAK ROCK LLP

By: /s/ *Steven M Dailey*
Steven M. Dailey, Esq.
Attorneys for Defendants
Select Portfolio Servicing, Inc. and
National Default Servicing Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The facts are stated more thoroughly in the attendant Motion. Briefly, however, despite being given leave to amend, Plaintiff ROVINSKI RENTER ("Plaintiff") still fails to state any claim upon which could be granted in her Second Amended Complaint ("SAC") attacking a June 29, 2021 foreclosure sale that took place due to her default on her mortgage loan. With her amendment, Plaintiff now only pleads causes of action under state law. Federal question jurisdiction is lacking. The SAC contains an allegation that there is diversity amongst her and Loan Defendants; however, there are still other parties to this case whose citizenship the SAC does not address. This Court lacks a basis for jurisdiction, and the SAC should be dismissed under Rule 12(b)(1). The SAC also fails under Rule 12(b)(6). The state court and this Court have both found Plaintiff's causes of action were not cognizable as against Loan Defendants. She has not resolved the defects identified by this Court in its lengthy prior ruling. Glaringly, Plaintiff's statutory claims relating to the June 29, 2021 trustee's sale, or conduct before that time, are time barred as she did not file this case until August 14, 2024. Furthermore, she does not plead any statutory violation or fraudulent conduct by Loan Defendants with particular facts. The wrongful foreclosure claim fails absent any illegality in the sale. Plaintiff again has not implicated any contractual provision breached by Loan Defendants.

First, Plaintiff's claims for punitive damages must be stricken. Plaintiff's allegations do not reflect any malicious intent or desire to cause Plaintiff any harm. Additionally, Plaintiff's SAC is devoid of any allegations indicating that any "officer, director or managing agent" of Loan Defendants committed any act of "fraud, malice or oppression."

Second, Plaintiff also cannot recover emotional distress related damages. In *Erlich v. Menezes*, 21 Cal. 4th 543 (1999), the California Supreme Court definitively

ruled that, except in certain narrow classes of cases, emotional distress is not available without a showing of physical impact or injury.

Third, Plaintiff's request for attorneys' fees must fail as Plaintiff is in pro per and fails to plead an applicable contractual or statutory basis for any award of fees.

Loan Defendants respectfully request this Court sustain its Motion to Strike references to Plaintiff's claims for punitive damages, emotional distress related damages, and attorney's fees, without leave to amend.

## II. <u>THIS COURT IS AUTHORIZED TO STRIKE "ANY REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS" MATTERS.</u>

Rule 12(f) of the Federal Rules of Civil Procedure empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (*LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).) "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993).) An "immaterial" matter "has no essential or important relationship to the claim for relief." (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994).) An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the issues in question." (*Id*. at 1527.) "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." (*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).)

///

///

///

///

## III. PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES SHOULD BE STRICKEN.

### A. Plaintiff Fails to Specifically Allege Wrongful Conduct Amounting to "Fraud, Malice or Oppression."

In determining whether punitive damages are available to a plaintiff, federal courts apply the substantive law embodied in California Civil Code section 3294. (*Jackson v. East Bay Hosp*., 980 F. Supp. 1341, 1353 (N.D. Cal. 1997).) Civil Code section 3294 codifies the long-recognized principle that the law does not favor punitive damages and that they should be allowed only with the greatest of caution. (*Dyna-Med, Inc. v. Fair Employment and Housing Corn.*, 43 Cal.3d 1379, 1388 (1987); *Henderson v. Security National Bank*, 72 Cal.App.3d 764, 771 (1977).) Section 3294 specifies that a plaintiff may only recover punitive damages in an action for breach of an obligation where it is allegedly proven by that the defendant committed acts of ***malice, oppression,*** or ***fraud.*** Section 3294 defines malice, oppression and fraud as follows:

> (c) As used in this section, the following definitions shall apply:
>
> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to a defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

The requirement of proving "despicable" conduct was added in 1987 by the California Legislature in an attempt to further limit claims for punitive damages. Despicable conduct is defined to mean conduct "which is so vile, base, contemptible, miserable, retched or loathsome that it would be looked down upon and despised by ordinary, decent people." (BAJI, 8th Ed., 1471.)

In *Ebaugh v. Rahkin*, 22 Cal.App.3d 891 (1972), the court reviewed the requirements of section 3294:

> [I]n order to warrant the allowance of punitive damages, the act complained of must not only be willful in the sense of intentional, but it must also be accompanied by aggravating circumstances, amounting to malice. The malice required implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others. ***There must be an intent to vex, annoy or injure.*** Mere spite or ill will is not sufficient; and mere negligence, ***even gross negligence is not sufficient to justify an award of punitive damages.***

> The cases also point out that the only form of malice contemplated by Code of Civil Procedure section 3294 which creates the right to exemplary damages, is malice in fact [Citations]. Under general definition, malice in fact denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it. In ultimate analysis, malice in fact is malice of evil motive." (*Ebaugh* 22 Cal.App.3d at 894 (Emphasis in original).)

A plaintiff must allege, with specificity, the facts which constitute malice, oppression, and fraud. Conclusory allegations are insufficient to establish a claim for punitive damage. (*G.D. Searle & Co. v. Sup. Ct.*, 49 Cal.App.3d 22, 28-29 (1975).) Merely using the terms "fraudulent, oppressive and malicious" have uniformly been held to be inadequate to support a prayer for punitive damages. (*Walton* v. *Anderson*, 6 Cal.App.3d 1003, 1009-1010 (1970); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973).)

Plaintiff no longer pleads a fraud claim as against Loan Defendants. Additionally, Plaintiff fails to plead specific facts indicating that Loan Defendants harbored any ill will or malice toward Plaintiff. Plaintiff does not contend that Loan Defendants' representatives threatened Plaintiff in any manner. Accordingly, Plaintiff fails to plead specific facts indicating "fraud, malice or oppression."

### B. Plaintiff Fails to Allege Wrongful Conduct by a Corporate Officer, Director or Managing Agent of Loan Defendants.

Subdivision (b) of Civil Code section 3294 provides:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, ***unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious***

> ***disregard of the rights or safety of others or authorized or ratified the wrongful conduct*** for which the damages are awarded or was personally guilty of oppression, fraud, or malice. (emphasis added)

In *Grieves v. Sup. Ct.*, 157 Cal.App.3d 159 (1984), the Court of Appeal affirmed the sustaining of a demurrer in favor of a corporate defendant. Addressing the claim for punitive damages against the corporate defendant, the court stated:

> [W]e fail to see how any of those allegations sets forth facts to show [corporate defendant's] advance knowledge, authorization or ratification. Also, absent from the Complaint is any assertion an officer, director, managing agent of corporate defendant] was personally responsible for any of the acts allegedly performed by [corporate defendant].

(*See Grieves* 157 Cal.App.3d at 168.)

Further, the court in *J. R. Norton Co. v. General Teamsters, Warehousemen and Helpers Union*, 208 Cal.App.3d 430, 445 (1989) noted,

> A corporation may be held liable for punitive damages for the acts of its agents and employees when the act is motivated by actual malice or done under circumstances amounting to oppression providing that the act is done with the knowledge or under the direction of corporate officials having the power to bind the corporation.

Like fraud, actions for punitive damages must be specifically pleaded. (*G.D. Searle & Co., supra*, 49 Cal.App.3d at p. 29.) Plaintiff fails to allege specific facts indicating that any officer, director or managing agent of Loan Defendants directed any conduct amounting to "fraud, malice or oppression" so as to hold Loan Defendants liable for any punitive damages.

## IV. <u>PLAINTIFF CANNOT RECOVER FOR EMOTIONAL DISTRESS ABSENT ALLEGATIONS THAT PLAINTIFF SUFFERED PHYSICAL IMPACT OR INJURY.</u>

Plaintiff seeks damages for emotional distress. However, Plaintiff claims only economic loss. Plaintiff does not allege that she suffered any physical impact or physical injury.

The California Supreme Court in *Erlich v. Menezes,* 21 Cal. 4th 543 (1999), definitively ruled that, except in certain narrow classes of cases, emotional distress

is not available without a showing of physical impact or injury. In *Erlich*, homeowners filed an action against their contractor for breach of contract, fraud, negligent misrepresentation, and negligent construction. The plaintiffs claimed that they suffered emotional distress because of negligent construction and because the contractors had invasively and ineffectually attempted to repair it.

The California Supreme Court found that, because a plaintiff could not establish she suffered physical impact or injury, that plaintiff could not recover for emotional distress. The Court noted that not every negligence cause of action supports a claim for emotional distress. (*Erlich*, 21 Cal. 4th 544 (citing *Smith v. Superior Ct.*, 153 Cal.App.3d 1008, 1012 (1984)).) The Court held, "a pre-existing contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff." (*Erlich*, 21 Cal. 4th at 544.) Noting that the primary claim was for property damage, *Erlich* noted that emotional distress claims are not permitted in legal malpractice actions because "the foreseeability of serious emotional harm to the client and the degree of certainty that the client suffered such injury by loss of an economic claim are tenuous." (*Erlich*, 21 Cal. 4th at 555.)

Prior to *Erlich*, recovery of emotional distress damage had been allowed, absent impact or physical injury, in certain specialized classes of cases. Where the negligence is of a type which will cause highly unusual as well as predictable emotional distress, recovery has been allowed. (*Allen v. Jones*, 104 Cal.App.3d 207, 215 (1980) (mishandling of the cremated remains of the plaintiff's brother); *Molien v. Kaiser Foundation Hosps.*, 27 Cal.3d 916, 930 (1980) (negligent advice to patient that she suffered from syphilis, resulting in severe distress to her husband).) Recovery has also been allowed when negligence arises in the case of bad faith refusal to pay insurance proceeds. (*Jarchova v. Transamerica Title Ins. Co.*, 48 Cal.App.3d 917, 946 (1975).) Additionally, emotional distress has been allowed

through the witnessing of an injury to a close relative. (*Dillon v. Legg*, 68 Cal.2d 728, 740-741 (1968); *Thing v. La Chusa*, 48 Cal.3d 644, 669 (1989).)

None of these narrow categories allowing recovery of emotional distress is present here. In fact, emotional distress is disallowed in cases involving only economic injury even when the plaintiff allegedly suffers health problems as a result of the emotional distress. In *Cooper v. Sup. Ct.*, 153 Cal.App.3d 1008 (1984), the plaintiff sued defendant excavating company for damages to her home after the defendant negligently permitted its tractor to crash into the plaintiff's home. (*Id.* at 1010.) The plaintiff claimed that she suffered headaches and intestinal disorders as a result of the stress. (*Ibid.*) The court held that these physical manifestations of stress did not constitute "physical injury" and that damages for emotional distress were unrecoverable. (*Id.* at 1012.) Accordingly, Plaintiff's claims for emotional distress related damages should be stricken from the Second Amended Complaint.

## V. **PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES SHOULD BE STRICKEN AS SHE IS *IN PRO PER*.**

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees." (*MRO Communs., Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).) Under California law, a party representing him or herself in litigation may not recover attorneys' fees. (*Olsen* v. *Breeze, Inc.*, 48 Cal.App.4th 608, 629 (1996); *Troupe v. Katz*, 11 Cal.4th 274 (1995).) Plaintiff here is *in pro per*, and thus cannot recover fees. Furthermore, a plaintiff cannot recover attorneys' fees in the absence of either a contractual or statutory provision authorizing their recovery. (Code Civ. Proc. § 1021.) Plaintiff here fails to state any applicable statutory or contractual claim supporting the recovery of attorneys' fees.

///

///

///

## VI. CONCLUSION

Accordingly, Loan Defendants respectfully request this Court sustain its Motion to Strike references to Plaintiff's claims for punitive damages, emotional distress related damages, and attorney's fees without leave to amend.

Dated: January 26, 2026

KUTAK ROCK LLP

By: /s/ *Steven M Dailey*
Steven M. Dailey, Esq.
Attorneys for Defendants
Select Portfolio Servicing, Inc. and
National Default Servicing Corporation

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Select Portfolio Servicing, Inc. and National Default Servicing Corporation, certifies that this brief contains 2,321 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 26, 2026

KUTAK ROCK LLP

By: /s/ *Steven M Dailey*
Steven M. Dailey, Esq.
Attorneys for Defendant
Select Portfolio Servicing, Inc. and
National Default Servicing Corporation