Rovinski Renter
Pro Se
967 Kendall Dr, A-164
San Bernardino, Calif 92405
Phone: (562) 505- 2931
Email: stopseniorabusenow@gmail.com

Plaintiff In Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**ROVINSKI RENTER,**

Plaintiff,

**v.**

**SELECT PORTFOILO SERVICING, INC.; NATIONAL DEFAULT SERVICING CORPORATION and DOES 1-50**

Defendant(s).

Case No. 5:25-cv-00756-MRA ( SPx)

HON. MONICA RAMIREZ ALMADANI
Courtroom: 9B

**PLAINTIFF'S OPPOSITION TO LOAN DEFENDANTS'MOTION TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT (Fed. R. Civ. P. 12(f))**

.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Rovinski Renter ("Plaintiff") respectfully submits this Opposition to Loan Defendants' Motion to Strike Portions of the Second Amended Complaint. As explained below, the Motion is improper, misstates the procedural posture, and seeks to resolve factual disputes that cannot be adjudicated under Rule 12(f).

## I. INTRODUCTION

Loan Defendants' Motion to Strike disregards the governing legal standards and mischaracterizes the Second Amended Complaint ("SAC"). Rule 12(f) is a narrow and disfavored remedy, permitted only where the challenged material has no possible bearing on the litigation. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010); Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013).

The allegations Defendants seek to strike—including emotional-distress damages, punitive damages, and attorney's fees—are expressly authorized by statute and directly tied to Plaintiff's claims for financial elder abuse under Welfare & Institutions Code § 15610.30, wrongful and unlawful foreclosure, and related statutory violations.

The SAC alleges displacement, trauma, unsafe conditions, post-concussion syndrome, and a documented July 19, 2022 heart attack, all caused by Defendants' conduct. Because the challenged allegations are legally proper and factually supported, the Motion should be denied in its entirety.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits striking material only if it is "redundant, immaterial, impertinent, or scandalous." Motions to strike are strongly disfavored and should not be granted unless the challenged matter has no possible bearing on the litigation. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). The Ninth Circuit has repeatedly emphasized that Rule 12(f) cannot be used to dispose of claims or remedies that depend on factual development. Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013).

Courts do not use Rule 12(f) to strike factual allegations, damages requests, or remedies tied to viable claims. A motion to strike is not a vehicle to test the merits of a claim, pre-adjudicate

damages, or resolve factual disputes. Where the sufficiency of a remedy depends on the facts, the claim must proceed to discovery. See Whittlestone, 618 F.3d at 974 (holding that striking damages is improper because it "amounts to a Rule 12(b)(6) motion in disguise").

## III. ARGUMENT

### A. Emotional-Distress Damages Are Properly Pled and Cannot Be Stricken

Plaintiff was at all relevant times a dependent adult under Welfare & Institutions Code § 15610.23, and became an elder under § 15610.27 upon turning sixty in 2020. Plaintiff is now over the age of sixty-five and remains entitled to all protections afforded to dependent adults and elders under California law. Defendants' conduct therefore targeted a legally recognized vulnerable adult throughout the relevant period, supporting Plaintiff's claims for financial elder abuse, unfair business practices, and the enhanced statutory remedies available under § 15657.

Emotional-distress damages are expressly authorized under Welfare & Institutions Code § 15657 for financial elder abuse. The SAC alleges displacement, trauma, unsafe conditions, post-concussion syndrome, and a documented heart attack directly caused by Defendants' conduct. These facts establish a clear causal link between Defendants' actions and Plaintiff's physical and emotional harm.

Emotional-distress damages are also recoverable in wrongful-foreclosure actions involving oppressive, reckless, or statutorily prohibited conduct. Because these damages are legally available and fact-dependent, they cannot be stricken under Rule 12(f).

The SAC further alleges that Plaintiff suffered post-concussion syndrome and a severe mental-health crisis on April 12, 2022, directly resulting from the displacement, trauma, and unsafe conditions caused by Defendants' wrongful and unlawful foreclosure. These allegations fall squarely within categories where emotional-distress damages are recoverable.

### B. Punitive Damages Are Properly Pled and Cannot Be Stricken

Punitive damages are authorized where conduct constitutes oppression, fraud, or malice. Civ. Code § 3294. They are also expressly authorized for financial elder abuse. Welf. & Inst. Code § 15657. Because Plaintiff alleges financial elder abuse, wrongful foreclosure, and statutory violations involving a vulnerable elder, punitive damages are legally available and cannot be stricken at the pleading stage.

The SAC alleges that Defendants exploited Plaintiff's age and disability, ignored statutory protections, refused to postpone a foreclosure sale despite funded tenders, misapplied insurance proceeds, and caused displacement, trauma, and physical injury. These allegations describe despicable conduct carried out with conscious disregard for the rights and safety of a disabled elder, satisfying the pleading requirements for punitive damages.

Loan Defendants' argument that Plaintiff must identify a specific "officer, director, or managing agent" is incorrect. At the pleading stage, Plaintiff need only allege that the wrongful conduct was authorized, ratified, or carried out by individuals whose actions are attributable to the corporation. The SAC identifies NDSC's foreclosure agent, DeAndre Garland, whose conduct is attributable to NDSC; whether a managing agent authorized or ratified that conduct is a fact question, not a basis for striking allegations under Rule 12(f). Courts consistently hold that the identity and authority of a managing agent is a matter for discovery, not a pleading-stage determination.

### C. Attorney's Fees Are Statutorily Authorized and Cannot Be Stricken

Attorney's fees are mandatory for a prevailing plaintiff in an elder-abuse action. Welf. & Inst. Code § 15657. Plaintiff's SAC includes a fully pled cause of action under § 15610.30, and therefore attorney's fees are a statutory component of the remedy.

Plaintiff's current self-represented status does not bar recovery of attorney's fees if she later retains counsel. Kay v. Ehrler, 499 U.S. 432, 435 (1991). Fee entitlement is determined after judgment, not at the pleading stage, and courts routinely deny motions to strike fee requests on this basis.

Because attorney's fees are expressly authorized by statute and remain available upon the retention of counsel, Defendants' request to strike them is legally unsupported and must be denied.

**D. Defendants Misstate the Court's December 18, 2025 Order**

Defendants' assertion that Plaintiff violated Judge Almadani's December 18, 2025 order is incorrect. The Court permitted Plaintiff to amend her complaint to clarify and refine the existing claims against SPS and NDSC. The SAC does exactly that and adds no new causes of action or defendants.

The factual allegations Defendants challenge—including Plaintiff's displacement, trauma, physical injury, and the conduct of third parties—are proper factual context, not new claims. Federal courts consistently allow plaintiffs to include factual background necessary to explain the sequence of events, even when those facts involve non-parties, so long as no new causes of action are asserted.

Defendants' argument misstates the SAC, mischaracterizes the Court's order, and provides no basis for striking any allegations under Rule 12(f). Because the challenged allegations are factual context directly relevant to Plaintiff's existing claims, the Motion should be denied.

//

//

## IV. CONCLUSION

1. Rule 12(f) is not a vehicle for rewriting a complaint into the version Defendants prefer. The allegations they seek to strike are legally authorized, factually supported, and directly tied to Plaintiff's claims under Welfare & Institutions Code § 15610.30, Civil Code § 2924.12, and the UCL.
2. Because the SAC complies with the Court's order and the challenged allegations bear directly on liability and damages, the Motion should be denied in its entirety.

Dated: May 5, 2026

Respectfully submitted,

By /s/: Rovinski Renter, Plaintiff Pro Se

**DECLARATION OF ROVINSKI RENTER**

**IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

I, Rovinski Renter, declare:

1. I am the Plaintiff in this action. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.
2. At all relevant times, I was a dependent adult under California Welfare & Institutions Code § 15610.23, and I became an elder under § 15610.27 upon turning sixty in 2020. I am now over the age of sixty-five.
3. . I experienced displacement, trauma, and unsafe living conditions following the June 29, 2021 foreclosure sale. These conditions directly contributed to my physical and emotional injuries.
4. On July 19, 2022, I suffered a heart attack and was treated in the emergency room. Attached as Exhibit A is a true and correct copy of my July 19, 2022 emergency-room medical records documenting this event.
5. In 2022, I also suffered post-concussion syndrome and related neurological symptoms following the unsafe and unstable conditions caused by Defendants' conduct. Attached as Exhibit B are true and correct copies of my February and March 2022 emergency-room records documenting post-concussion syndrome.
6. On April 12, 2022, I experienced a severe mental-health crisis directly related to the displacement, trauma, and instability caused by Defendants' actions. This event is documented in my medical records.

7. The injuries described above—including emotional distress, trauma, post-concussion syndrome, and the July 19, 2022 heart attack—were caused or substantially aggravated by Defendants' conduct as alleged in the Second Amended Complaint.

8. The factual statements in my Opposition to the Motion to Strike regarding my age, disability status, displacement, trauma, and medical injuries are true and based on my personal experience and medical records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: May 5, 2026, 2026 at the San Bernardino County, of California

By:/s/ Rovinski Renter

Plaintiff In Pro Se