UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00756-MRA-SP | Date | September 14, 2026 |
| Title | *Rovinski Renter v. Select Portfolio, Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [87] AND MOTION TO STRIKE [88]**

Before the Court are Defendants' Motion to Dismiss, ECF 87, and Motion to Strike, ECF 88. The Court read and considered the briefing related to the Motions and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **REMANDS** the case to state court and **DENIES AS MOOT** the Motions.

## I. BACKGROUND[1]

This case has a lengthy factual and procedural history, which the Court has detailed in its prior order granting Defendants' previous Motions to Dismiss the First Amended Complaint ("FAC"). ECF 76. This Order assumes familiarity with the Court's prior order and incorporates that order herein, providing only the following summary.

Plaintiff Rovinski Renter ("Plaintiff" or "Renter"), proceeding *pro se,* filed this case on August 14, 2024, in San Bernardino County Superior Court against Defendants Select Portfolio Servicing, Inc. ("SPS"), National Default Servicing Corporation, ("NDSC") (collectively "Defendants"), and a number of other defendants who have since been dismissed from the action. ECF 1. Plaintiff's claims stem from the foreclosure and subsequent sale of her home on June 29,

[1] The factual background is described as alleged in Plaintiff's Second Amended Complaint. ECF 86. When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00756-MRA-SP | Date | September 14, 2026 |
| Title | *Rovinski Renter v. Select Portfolio, Inc., et al.* | | |

2021, which Plaintiff alleged violated her rights under state and federal laws. *See id.* On January 9, 2025, the state court sustained a demurrer filed by SPS and granted SPS's motion to strike portions of the complaint with leave to amend. *See* ECF 76 at 4. Plaintiff filed the FAC and the action was subsequently removed to federal court by Wells Fargo, a now-dismissed defendant. *See id.* Following removal, various defendants moved to dismiss the FAC. ECF 19, 23, 40, 42. This Court granted the motions to dismiss as to all claims, and Plaintiff was granted leave to amend only as to SPS and NDSC. ECF 76 at 26-27.

Plaintiff was instructed to file an amended complaint within 21 days of the Court's November 21, 2025, Order. *Id.* Plaintiff was granted additional time by the Court, ECF 85, and filed her Second Amended Complaint ("SAC") on January 12, 2026, ECF 86. The SAC brings six causes of action against SPS and NDSC for (1) wrongful foreclosure; (2) unlawful foreclosure; (3) violation of the Homeowner Bill of Rights ("HBOR"); (4) financial elder abuse; (5) unfair competition; and (6) breach of contract/breach of the implied covenant. *Id.* Defendants now move to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF 87, and move to strike portions of the SAC under Rule 12(f), ECF 88. Plaintiff opposed both motions, ECF 94, 95, and Defendants replied in support, ECF 98, 99.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). To invoke a federal court's subject matter jurisdiction, a plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may raise a facial or a factual challenge to a federal court's subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The court resolves a facial attack by "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Id.* A "factual" attack, on the other hand, "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. When the defendant raises a factual attack, the Plaintiff must support her jurisdictional allegations with 'competent proof.'" *Id.* (internal citations omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. "On a motion to dismiss, all material facts are accepted as true and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00756-MRA-SP | Date | September 14, 2026 |
| Title | *Rovinski Renter v. Select Portfolio, Inc., et al.* | | |

are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Defendants seek dismissal on the grounds that (1) the Court lacks subject matter jurisdiction over the SAC, and (2) Plaintiff fails to state a claim upon which relief can be granted as to each of her six causes of action. ECF 87. As subject matter jurisdiction "involves a court's power to hear a case," *Macy v. Cedarpines Park Mutual Water Co.*, No. 5:24-cv-00668-AB-SHK, 2024 WL 4374279, *3 (C.D. Cal. Aug. 23, 2024), the Court begins with Defendants' argument under Rule 12(b)(1).

### A. Federal Question Jurisdiction

This matter was initially removed to federal court based on federal question jurisdiction. ECF 1 at 5. Plaintiff's FAC asserted claims under both state and federal law, and the removing defendant argued that the Court had original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under § 1367(a). *Id.* Following dismissal of the FAC, however, Plaintiff filed the SAC asserting only state law claims. ECF 86. Where a district court "has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c).

Plaintiff argues that the SAC still provides a basis for federal question jurisdiction, as her claims "arise[], in part, under federal law," including the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulation, 12 C.F.R. § 1024 ("Regulation X"). *See* ECF 86 ¶ 1; ECF 94 at 6. But "[t]he mere mention of federal statutes, absent assertion of a claim under those statutes, does not provide grounds for federal question jurisdiction." *Ghazarian v. Greenpoint Mortgage Funding, Inc.*, No. CV 12-07440 MMM (MRWx), 2012 WL 12878577, * 2 (C.D. Cal. Dec. 10, 2012). Rather, "[i]n order to establish federal question jurisdiction where the complaint ostensibly contains only a state law claim, the federal question at issue must be a necessary element of the state law claim before federal jurisdiction exists."

*Licea v. J&P Park Acquisitions, Inc.*, No. CV 19-68-R, 2019 WL 1296876, * 1 (C.D. Cal. March 20, 2019). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.*

While Plaintiff mentions RESPA and Regulation X in the SAC, none of her claims arise under these laws, and the claims which purport to rely on violations of federal law also invoke state law theories of liability. This is insufficient to invoke federal question jurisdiction. The Court therefore does not have original jurisdiction over Plaintiff's claims and declines to exercise supplemental jurisdiction.

### B. Diversity Jurisdiction

Plaintiff argues in the alternative that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a). ECF 86 ¶ 2. Section 1332(a) grants federal courts jurisdiction over matters where (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

#### *1. Diversity*

The SAC asserts that Plaintiff is a citizen of California, SPS is a Utah corporation with its principal place of business in Utah, and NDSC is an Arizona corporation with its principal place of business in Arizona. ECF 86 ¶ 2. While Defendants argue "there are still other parties to this case whose citizenship the SAC does not address," ECF 87 at 16, the Doe defendants "are irrelevant for purposes of diversity." *Johnson v. Prologis NA2 U.S., LLC*, 2022 WL 13800427, *4 (C.D. Cal. Oct. 20, 2022) (citing *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir. 1989)). Thus, for now, Plaintiff has adequately alleged diversity among the parties.

#### *2. Amount in Controversy*

In its jurisdictional statement, the SAC alleges that "the amount in controversy exceeds $75,000[.]" ECF 86 ¶ 2. The prayer for relief does not specify an amount, requesting both general and special damages in an amount to be proven at trial. *Id.* at 53. The only place in the SAC where Plaintiff alleges she is entitled to a specific amount in damages is Plaintiff's first cause of action for wrongful foreclosure, where she alleges she suffered "substantial damages, including but not limited to . . . [l]oss of approximately $150,000-$250,000 in home equity[.]" *Id.* ¶ 104. However, in its prior Order, the Court found Plaintiff's claim for wrongful foreclosure to be time-barred, along with Plaintiff's claims for unlawful foreclosure and violations of the HBOR. ECF 76 at 13-14. Because Plaintiff does not allege any new facts or law in the SAC that would cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00756-MRA-SP | Date | September 14, 2026 |
| Title | *Rovinski Renter v. Select Portfolio, Inc., et al.* | | |

the Court to reconsider that decision, Plaintiff cannot rely on damages requested under these time-barred claims in order to reach the amount in controversy.[2] *See Mansilla v. Speedy Delivery, LLC*, 2026 WL 1507815, *3 (C.D. Cal. May 29, 2026) ("[T]he amount in controversy is reduced if 'a rule of law or measure of damages limits the amount of damages recoverable.'"); *Trang v. Turbine Engine Components Techs. Corp.*, No. CV 12–07658 DDP (RZx), 2012 WL 6618854, at *6 n. 5 (C.D. Cal. Dec. 19, 2012) (citing *Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969)) ("[I]n this Circuit the statute of limitations should be considered in determining the amount in controversy."); *Soto v. Greif Packaging LLC*, No. SACV 17–2104 JVS(JDEx), 2018 WL 1224425, at *5 (C.D. Cal. March 8, 2018) ("When determining the amount in controversy, the Court cannot disregard the applicable statute of limitations.").

Absent these time-barred claims, Plaintiff has not met her burden to show that the amount in controversy exceeds $75,000. Plaintiff does not specify, or even estimate, the amount of damages sought as to any other claim in the SAC or in her prayer for relief. This leaves only Plaintiff's conclusory statement that the amount in controversy exceeds $75,000, which is insufficient. *See Wilson v. Behr Paint*, No.: 1:18-cv-1245- LJO - JLT, 2018 WL 5270555, *3 (C.D. Cal. Oct. 22, 2018) ("At the pleading stage, a conclusory allegation that the amount in controversy exceeds $75,000 does not satisfy the plaintiff's burden."); *Ryan v. Best In Slot, LLC*, 2025 WL 2656279, at * 2 (S.D. Cal. Sept. 15, 2025) ("[Plaintiff] offers one conclusory statement that the 'amount in controversy exceeds $75,000', . . . . [t]his 'formulaic' recitation, 'devoid of further factual enhancement', will not do.") (quoting *Iqbal*, 556 U.S. at 678).

---

[2] Plaintiff raises several tolling doctrines in her opposition. ECF 94 at 14. The Court has reviewed these arguments and concluded that Plaintiff has not adequately shown that any of these doctrines apply. While Plaintiff alleges she experienced various medical and mental health issues, she does not plead facts showing she lacked legal capacity at the time the claims accrued, as required for tolling under Cal. Code of Civil Procedure § 352(a). California Emergency Rule 9 only tolled the statute of limitations for state law claims from April 6, 2020, to October 1, 2020, *see Bonner v. City of Long Beach*, 2023 WL 2266103, *2 (C.D. Cal. Feb. 27, 2023), prior to Plaintiff's claims accruing in June of 2021. Plaintiff raises administrative exhaustion as a grounds for tolling, but the SAC only alleges Consumer Financial Protection Bureau ("CFPB") complaints were filed as to Plaintiff's claims against Wells Fargo, a defendant no longer involved in this action. Finally, Plaintiff has not made any new allegations which warrant the Court reconsidering its finding that the statute of limitations is not subject to equitable tolling or related delayed discovery doctrines. *See* Court's Prior Order, ECF 76 at 10, 13 ("[A] plaintiff 'must plead facts showing that . . . plaintiff had neither actual nor constructive knowledge of the facts giving rise to its claim[.]")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00756-MRA-SP | Date | September 14, 2026 |
| Title | *Rovinski Renter v. Select Portfolio, Inc., et al.* | | |

Accordingly, the Court finds Plaintiff has failed to adequately establish a basis for the Court's jurisdiction over this action. While Defendants request dismissal, "remand is ordinarily the proper remedy when a court lacks subject matter jurisdiction over a removed case." *Rios v. Amazon.com Services LLC*, No. 2:25-cv-02220-JNW, 2026 WL 1745808, *4 (W.D. Wash. June 17, 2026) (citing *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016)). "A narrow 'futility' exception to this general rule permits district courts to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand." *Id.* (citations omitted). While the Court has its doubts as to whether the SAC successfully cures the deficiencies identified in the FAC, the Court cannot conclude with absolute certainty that remand would be futile and thereby remands this case to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to Santa Barbara County Superior Court, where it was filed as Case No. CIVSB2424439. Defendant's Motion to Dismiss [87] and Motion to Strike [88] are **DENIED** as moot. The clerk shall close this case.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku